**Nelda Jo POEPPELMEYER, (formerly known as Nelda Jo Baker), Plaintiff-Appellant,**

**v.**

**SHELTER LIFE INSURANCE COMPANY, an insurance corporation, and Judy A. Smith, Defendants-Respondents.**

**No. 13881.**

Missouri Court of Appeals, Southern District, Division Three.

March 19, 1985.

Donald Rhodes, Bloomfield, for plaintiff-appellant.

David E. Blanton, Sikeston, for defendants-respondents.

GREENE, Judge.

Plaintiff, Nelda Jo Poeppelmeyer, formerly Nelda Jo Baker, sued defendants, Shelter Life Insurance Company and Judy A. Smith, alleging breach by defendants of an oral contract to provide her with health insurance. During jury trial, and at the close of plaintiff's evidence, the trial court sustained defendants' motion for directed verdict, and entered judgment for defendants, for the reason that plaintiff had not made a submissible case. This appeal followed.

In her sole point relied on here, Nelda contends that she offered sufficient evidence at trial to prove the five elements necessary to show an oral contract of insurance: subject matter, risk insured against, amount of coverage, duration of risk and premium, citing *Chailland v. MFA Mutual Insurance Co.*, 375 S.W.2d 78, 81 (Mo.1964). Defendants argue that even if it were conceded that Nelda had offered sufficient proof on the five elements referred to in *Chailland*, she did not offer proof that Lee Hester, an employee of defendant Judy Smith, whom Nelda says entered into the contract with her, had the authority to do so.

On appeal from the trial court's granting of defendants' motion for directed verdict, in determining whether Nelda met her burden of presenting a submissible case, we must review all evidence, and the reasonable inferences therefrom, in the light most favorable to Nelda. *Mercer v. Thornton*, 646 S.W.2d 375, 376 (Mo.App.1983). Viewed in this light, the evidence introduced at trial was that Nelda Jo Baker was pregnant by Billy Poeppelmeyer Jr., to whom she was engaged. Billy was carrying other insurance with Shelter, and told Lee Hester, a salesman for the Judy A. Smith Insurance Agency, that Nelda was pregnant and needed health insurance. Judy Smith was an insurance broker, and agent for Shelter. Hester allegedly told Nelda and Billy that her normal child delivery expenses would not be covered, but that if she had any complications that required medical care, they would come under policy coverage and would be paid.

Nelda, fearing problems because of a prior tubal ligation, wanted health insurance on that basis, and signed an application for health insurance. The application, dated September 30, 1983, was for a "Shield Series" policy with Shelter. The policy requested excluded maternity benefits and the premium was $49.39 a month. In the application, Nelda stated that she was pregnant, and had previously had a tubal ligation. Above Nelda's signature on the application, the following language appears:

> The owner declares to the best of his or her knowledge and belief that the answers recorded in this application are complete and true, and agree as follows: .... (5) Only the SHELTER Life Insurance Company at its Home Office can make or modify contracts or waive any SHELTER Life Insurance Company's rights or requirements, and then only in writing. No agent of SHELTER Life Insurance Company nor any Medical Examiner is authorized to accept or pass upon insurability."

At the time Nelda signed the application, Billy paid the first month's policy premium, and later paid for an additional month. Billy and Nelda were married in October of 1983. On October 31, Nelda began having problems with her pregnancy, and suffered a miscarriage on November 8. Her medical expenses resulting from those problems totalled $2,836.12.

On November 18, 1983, Shelter issued health insurance policy R–85448 insuring Nelda, with an effective date of October 1, 1983. The policy contained an exception endorsement stating the policy was modified so that "it shall not cover any loss caused or contributed by: current pregnancy, including complications thereof." The policy was delivered to the office of Judy Smith. Nelda refused to sign the exception endorsement and Shelter refused to deliver the policy to her. Nelda's claim for her expenses was denied by Shelter, and the two months' premium on the policy, totalling $98.78, was returned to Nelda.

The policy, which is standard, provides that charges for services, supplies or treatment for a pre-existing condition would not be covered if incurred during the first two years of coverage. Pre-existing condition is defined in the policy as any sickness or condition of a covered person arising or present during the two-year period immediately preceding the effective date of the policy for which the covered person received medical advice or treatment or which caused symptoms which would have caused an ordinarily prudent person to

seek medical advice within 12 months prior to the effective date.

General provision (1.) of the contract reads "ENTIRE CONTRACT: CHANGES: Your Policy, the application and attached papers are the entire contract between you and us. No change in your Policy will be effective until approved by one of our officers. This approval must be noted on or attached to your Policy. No agent may change your Policy or waive any of its provisions."

In support of her appeal, counsel for Nelda argues that Hester, as an agent for Judy Smith and Shelter, had apparent authority to make an oral contract with Nelda binding Shelter to pay expenses incurred for treatment of complications (miscarriage) from her pregnancy. He contends that the apparent authority amounted in law to real authority and, therefore, Shelter and Judy Smith were bound by Hester's representations, even though they were contrary to private limitations placed on his authority by Shelter, citing *Baker v. St. Paul Fire & Marine Insurance Co.*, 427 S.W.2d 281, 286 (Mo.App.1968). Counsel's representations here as to the holding of *Baker* are correct as far as they go, but he conveniently omits the exception to the general rule as stated in that case as follows:

> "But an insurance company is bound by the acts of an agent acting within the scope of his apparent authority, or within the powers which it held out the agent as possessing, *unless the limitations upon the agent's powers are known by or brought to the notice of the insured.*" (Emphasis ours.)

*Baker v. St. Paul Fire & Marine Insurance Co., supra,* at 286.

■ The application for insurance that Nelda signed gave her clear and plain notice that Hester had no power to make or modify a contract with her, or to waive any of Shelter's rights or requirements, or to pass upon Nelda's insurability. By reason of such notice, Nelda had no right to rely on any representations Hester may have made to her regarding coverage for compli-

cations arising from a pre-existing condition. *Distassio v. American United Life Insurance Co.*, 238 Mo.App. 279, 283, 179 S.W.2d 610, 612–613 (1944). *See also Hutchinson v. Metropolitan Insurance Co.*, 293 S.W.2d 307, 312–313 (Mo.1956), and *Hallbrook v. Atlas Life Insurance Co.*, 234 S.W.2d 628, 638 (Mo.App.1950).

Since Nelda had no right to rely on anything Hester may have told her regarding policy coverage and her insurability, and since she produced no proof of any contract with Shelter containing coverage for complications arising from her pregnancy, she failed to make a submissible case. The trial court did not err in sustaining defendants' motion for directed verdict.

Judgment affirmed.

CROW, P.J., and TITUS and FLANIGAN, JJ., concur.